Haynes, I.
In the case of Jqhn Arbuckle and others against the Woolson Spice Company, there has been submitted to us a motion for an order to permit the plaintiffs to inspect the books, or certain books of the defendant company; the matter has been argued at some length and we have endeavored *348 to give to it, as a matter of-importance, careful consideration. We have re-read the pleadings in the case,
The petition, briefly, sets up that the plaintiffs are the owners of sixty-three shares of the stock of the Woolson Spice Company, of which there is a total of eighteen hundred shares, they owning sixty-three shares of the eighteen hundred. They claim,in the first cause of action,that they have been prevented from having the sixty-three shares of stock registered or transferred into their names, and they pray the court for an order requiring that to be done.
Secondly, they say that as members of the corporation, they have a right to examine the books of the corporation, which has been refused them by the defendant company, and they pray that they may have an order to be allowed to* examine them.
Thirdly, in a statement made at some length, they set up, substantially, that since 1896, at which time they became stockholders, the defendants have failed to make any dividends, and they claim that the majority of the stockholders have so conducted the business of the company that it would not make any dividends; that the majority stockholders were opposed to these plaintiffs becoming members-of the corporation, and their conduct has evinced a disposition on the part of said majority to so conduct the business of the defendant company as to render the stock of but little-value; and, further, that they have also conducted it for the purpose of benefiting, not the stockholders, but for the purpose of benefiting other interests outside. The statements, are voluminous and varied.
This is denied by the answer of defendant, and it is a very long and voluminous statement of the matters in controversy between the parties. It is sufficient to say that', the defendants claim that the plaintiffs have bought in the ■defendant company for the purpose of controlling this compahy, or injuring it, or preventing its becoming a competitor of the firm of which the plaintiffs are members, and' they claim that plaintiffs have entered into a combination, with what is called the Grocers’ Association, whereby they have undertaken, so far as they could through that organization, to prevent the defendant company from doing any considerable business, In short, the pleadings show or set. *349 forth,that these plaintiffs and the parties who hold the stock of the defendant company aré rivals in business,and that they are seeking each to injure the other by the methods in which-they desire to have the Woolson ¡ápice Company conducted.
We will lay aside, the question of rivalry. The case-must be tried, so far as this motion is, concerned, upon the real issues joined between the parties. The object of pleading is to narrow the issues and state distinctly the issues between the parties, and then the evidence should conform to-the issues made.
The gist of the action, so far as the third cause of action; is. concerned, is that defendants are so conducting this business'as to prevent the plaintiffs from receiving any dividends from their stock; so conducting it as to render the* stock in the hand of these plaintiffs-valueless, and plaintiff®' claim that in so doing they are conducting the business in-part for the benefit of the interests that are owned by the-individual stockholders in other companies and other interests. We shall discuss this motion and dispose of it upon* this single issue; that the plaintiffs have the right, if the-facts stated in their petition really exist, to invoke the powers of a court of equity to inquire into the question at issue, and if found to be true, to make some order in regard to the matter.
Plaintiffs fy their pleadings and also by the evidence produced upon the motion, show that up to the year 1896, the-defendant company had been paying dividends which-amounted to almost dollar for dollar of par value of the stock, annually; that there is no reason pertaining to the circumstances of the business why it should not have continued to make profits and pay dividends eversince, and they claim that the books of the company will show that its business ought to be profitable — ought to- enable it to make a-dividend and to. make it a paying concern. The real object;an'd purpose of a corporation for profit is to make a profit- and to make dividends for the stockholders, and a person-who holds the stock of a company has a right to have the-business of the company conducted, as far as practicable at. least, so that it will make profits and pay dividends.
*350 We are of the opinion from the evidence before us that the claim of these plaintiffs is true, that it is. necessary for them to have at some time an inspection of these books, or, in other words, that these books really contain the evidence which will enable them to ascertain the condition of the corporation and the condition of its business for the last four years, and enable them to ascertain whether in fact it has been making money or whether it has been so conducting its business that it has been losing; enable them to ascertain the prices that it has been paying for the goods that it has purchased and the prices at which it has been selling, and enable them to ascertain from the yearly statements and inventories which have been taken of the stock, its financial condition.
The section under which the parties are proceeding is section 5290, Revised Statutes, and it is claimed, on the one hand, that they have a right to this proceeding under this section; and it is claimed on behalf of the defendants that the court ought not to make an order allowing them to inspect the book3 of defendant company, Section 5290 provides:
“Either party, or his attorney, may also demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper or document in his possession, or •under his control,containing evidence relating to tüe merits of the action or defense, which demand shall be in writing, and shall specify the book, paper, or document, with sufficient particularity to enable the other party to distinguish it, if compliance with the demand * * * * be refused,the court or judge may, on motion and notice to the adverse party, order the adverse party to give the other, within the time specified, an inspection and copy, or permission to take a ■copy, of such book, paper, or document; and on failure to omply with such order, the court may exclude the paper or ■document from being given in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume it to be such as the party, by affidavit, alleges it „to ■be; but this section shall not be construed to prevent a party from compelling another to produce any book, paper or document, when he is examined as a witness.”
Some exception was taken, that this order or demand was general in its nature, that is to say, it demanded all of a *351 certain class of books, papers or documents, and it was intimated' — 'I don’t know that it was intended to be presented —that the court should either allow or disallow it as it stands. We do not think that follows. We think that it is within the discretion of the court which makes the order to make it in such a manner or form as it thinks will be compatible with the purpose for which the evidence is to be produced; that is to say, such as will have a bearing on the issues joined between the parties, and the demand should be granted according to the exigencies of the case.
It is strenuously objected here that we ought not to make this order because these parties plaintiff are adversaries, that is to say, they are rivals of this company in business, and that to allow them to inspect the books and papers of this company will be to put them in a position where they can obtain information that may be detrimental to the defendant company. We appreciate that objection,and in any order that we shall make we shall endeavor so far as practicable to prevent anything of that kind occurring. We shall endeavor so far as we can to confine the examination to matters that strictly bear upon the issues between the parties presented by these pleadings; that is to say, those which bear upon the question as to whether the company has been making profits, or whether it has been so conducting the business as to squander its earnings or prevent its making earnings sufficient to have a dividend or profits. Although plaintiffs may be rivals, they are nevertheless owners of stock in the company and have the right to have the business conducted to all lawful ends and purposes for which the corporation was formed.
It was said that we ought not to allow this order because courts will not allow an order of this kind where the parties can compel the production of the books by a subpoena duces tecum. We do not so construe the statute. The parties who made the code intended to do away with a good many things which had existed prior to that time, and which had grown up under the old common law practice. They declare that the whole structure of the code is for the purpose of justice and they seem to have opened the doors as wide as they could for the conveyance of information to and throwing light upon the matters before the court, and to *352 enable the parties to produce evidence, to the end that the court may decide a matter according to the general principles of law and according to the justice of the case. We do not think that that objection is tenable; we do not think that the granting of the motion would make a material difference with the parties.
It is said that an order granting this motion cannot be taken up upon error. But suppose the parties came in here with the books upon a subpoena,it is needless to say that the-books and papers of this company would be voluminous, covering a period of four years, because the business of the company is very extensive. But it is said that the court can'adjourn and let counsel take the time to make an examination of these papers. The court in that case would allow the plaintiffs to do the same thing that defendants are objecting to under this motion, that is, to have an examination of the books and papers in the case before final judgment upon the merits of the case, because, as I understand' the views of counsel for the defense, they want to have the question placed in such a shape that they can take the case-to a higher court before these parties shall be allowed to look at the books at all, It seems to us that the parties-plaintiff should have the right to obtain all necessary evidence relevant to the issues, even to examining the books» for evidence before the trial and final judgment of the court' on the case. The case, so far as the third cause of action is concerned, may depend wholly upon the evidence thus' obtained, and the more orderly way will be to have it done under this order and the examination made under this statute.
If I have not stated, I do state it now, that while there is some suggestion that it is not shown that these books and papers are material, we think it is shown that they are material; we think that these books contain the very essence of' what is necessary to decide this case,
It is contended in argument that section 5290, Revised-' Statute, is intended to apply in cases triable to a jury only, and in support of that is cited the clause of the section providing that on failure of the party to comply wtth the order, the court may direct the jury to presume (the evidence)such as the party wanting the examination, by affidavit al *353 leges it to be.^But the statute in the commencement is broad and says either party, or his attorney, not, limiting the right to any case or clas of cases. We think the right of the party to apply for and of the court to make the order, is not limited to jury cases but applies to other cases also, and that the statement as to what order the court may make in a jury case does not limit the right of the court to make the order.
I have endeavored to, and I believe I have touched upon the leading points which were made by counsel. There was some discussion and some objection made, that by allowing this motion we were practically granting everything that is in discussion and in dispute and in contention in the second cause of action, to-wit, the right of these parties to ■examine the books of the concern, but we think these maters are entirely different. The second cause of action asks that they may be allowed from time to time to make an examination of the books of the concern as members of that corporation, while thi* is simply an application on.behalf of a person who is a suitor and who sets up in his pleadings, prima facie, the right to have some relief in regard to the matter in controversy, or at least to have a hearing of it in a court of justice, Jt is the means the code provides for enabling a party to procure evidence for the trial of his case, and extends only so far as touches evidence relevant to the issues in the casé.
We shall allow the order to be taken, but we shall endeavor to so limit it and hedge it as that these parties shall be confined — as they say they are willing to be — to certain matters which are relevant to these issues.
The following was the order’allowed by the eourt, at said hearing:
“This cause came on to be heard upon plaintiff’s motion for an order that defendants give plaintiffs an inspection and copy, or permission to take a copy,of books and papers in the possession or under control of defendants. And the court, having heard the evidence and the arguments of counsel, finds that due demand in writing was, on December 17,. 1900, made by the plaintiffs of the defendants therefor; that compliance therewith was by defendants refused; that s'aid books and papers contain evidence relating to the mer *354 its of this action and the defense; that due notice of said motion was given by plaintiffs to defendants; and that plaintiffs are entitled to an inspection and copies, or permission to take copies, of the books and papers as hereinafter mentioned and set forth.
“It is therefore ordered that the defendants within eight days from January 14, 1901, give the plaintiffs herein an inspection and copy, or permission to take a copy, of the following described books and papers,or such thereof asare in the possession or under the control of defendants, to-wit:
“All books and papers showing purchases and sales, and prices thereof, of coffee; receipts and disbursements; earnings and expenses; and the ledgers, journals and other books of account; and all letters, telegrams and other communications, between the officers, directors, stockholders, agents and employes of the Woolson Spice Company, or any of them,relating to the management or financial affairs of said company, and all letter books or other, copies of such correspondence; also
“ All records and minutes of any and all meetings of stockholders, directors and committees,respectively, of said defendant, The Woolson Spice Company, held since October 1, 1896; also
“All books asd papers of said defendant company specifying or containing entries showing any and all holders of the capital stock of said company since the first day of October, 1896, and any and all transfers thereof since said date, including stock book, stock register, stock certificate book, stock transfer book, stock ledger and stock journal, or such thereof as are or have been kept by or for said company; also
“All statements made by directors, officers, accountants and other employes respectively of said defendant company since October 1, 1896, showing or purporting to show the financial condition of said company at any time since said date, or the profits made and losses incurred by said company since said date, or the periodical results of business transacted by said company; also
“Monthly and other general balance sheets showing the general results of the business of said defendant company since said October 1, 1896; also
*355 “All statements, schedules and classifications of expenses incurred or disbursements made by said defendant company for advertising,premiums and other devices and for any and all other purposes, for each successive annual or other period since the year 1896; also
“All statements of expenditures for betterments and additions to the plant and tangible properties of said defendant company for each successive period since the year 1896;: also
“All statements and accounts of dividends paid by said defendant company during the year 1896; also
“All communications, letters, telegrams and messages' recei-ved by said company, its officers, agents and employes, respectively, since said first day of October, 1896, from or purporting to be from, the owners, and any and all representatives of owners, of any part of its capital stock, directing, instructing, advising or recommending concerning any action to be taken at any meeting of stockholders, or directors, or of any committee of said defendant company, or concerning any change to be made in the selling prices, or in the terms or conditions of sale of any of said company’s manufactured products; also
“All copies in possession of said company, its officers, agents or employes, of communications, letters, telegrams and messages sent by any of them to stockholders or representatives of stockholders concerning any actions taken or proposed to be taken at any meeting of stockholdérs or directors or of any committee of said defendant company, or concerning any change to be made in the prices, terms or conditions of sale of any of said company’s products.
“Provided, however, that unless the court shall hereafter determine the same to be necessary for the ascertainment of' the financial condition and management of the company, defendants are not required to disclose to plaintiffs the individual names or addresses of the customers of the defendant, The Woolson Spice Company, nor the' manufacturing processes or formulas of said defendant company. And if' defendants shall claim that any one or more of the books or papers hereinbefore m«ntioned, or any part thereof, is of: mere private interest, or of such character that it ought not to be produced, or an inspection and copy thereof taken, *356 ■■said defendants shall forthwith submit any and all such books and papers, or part thereof, to the court for its determination upon such claim.
Brown & Geddes; Peckham, Warner & Strong, for Plaintiffs.
Hamilton & Kirby and Doyle & Lewis, for Defendants.
■ “And the court, deeming that such inspection may, with the least inconvenience to defendants, be had at the office of said defendant, The Woolson Spice Company, in Toledo, Ohio, orders that such inspection shall be had at such office, unless said defendants shall give reasonable notice to plaintiffs, or to their attorneys, of some other convenient and .proper place where such inspection may be had in said city ■of Toledo.
“It is further ordered that the right of inspection and ■copy hereby granted shall continue from time to time, and for .such length of time, as may be necessary to enable plaintiffs to fully inspect and copy so much of said books and papers as contain, evidence relating to the action or defense, ■or until the further order of the court herein; and that plaintiffs may make such inspection and take such copies in person or by such attorneys, agents and copyists, as they ■or their attorneys of record herein, may designate, by notice to the defendant twenty-four hours before such inspection and taking of copies shall begiD, or twenty-four hours before any person so designated shall enter upon such inspection and taking of copies; and if objection shall be made by the defendant to any person so designated by the plaintiffs, the question whether such person shall be permitted to so act with or for the plaintiffs shall be at once submitted to and determined by this court, or to the judges of this court,
“To all of which findings and orders of the court said defendants by their counsel then and there excepted,”